[782 NYS2d 869]

In the Matter of FRED A. SCHWARTZ, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 18, 2004

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn, for petitioner.
*Fred A. Schwartz*, Boca Raton, Florida, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

By order dated February 20, 1997, the Supreme Court of Florida granted the respondent's uncontested petition for disciplinary resignation, with leave to seek readmission after five years. The Florida bar was investigating a complaint alleging that respondent had used client funds without authorization. All of the funds at issue were repaid to the complainant.

On July 30, 2003, the petitioner served the respondent by certified mail, return receipt requested, at his address in Boca Raton, Florida, with a notice pursuant to 22 NYCRR 691.3 (d). The notice informed the respondent of his right to interpose certain enumerated defenses to the imposition of discipline in New York. The respondent raised the affirmative defense that the imposition of reciprocal discipline would be unjust in view of his rehabilitation, as evinced by his actions, his health, and his community activities since his Florida resignation, his expressed remorse, and his state of health.

A hearing was conducted before the Honorable John A. Monteleone on December 11, 2003.

At the hearing, it was noted that the respondent did not apprise the New York authorities of the discipline imposed upon him in Florida, notwithstanding the requirement of 22 NYCRR 691.3 (e) that any attorney who has been disciplined in a foreign jurisdiction shall promptly advise this Court of such discipline. This matter came to the petitioner's attention only upon the respondent's application for reinstatement in Florida. The Florida bar is holding that application in abeyance pending disciplinary review of the respondent's conduct by this jurisdiction.

At the hearing, the respondent explained that he had successfully represented Ivy McCutcheon, who had been convicted of various narcotics offenses, on appeal and in a civil forfeiture case. He admittedly used approximately $140,000 of Mr. McCutcheon's funds for personal expenses without the client's permission. Mr. McCutcheon filed a complaint with the Florida

bar and the respondent was able to work out a disciplinary resignation.

Notwithstanding the respondent's argument that an additional disciplinary sanction imposed by New York would be unjust in view of the length of his suspension to date and the mitigation he advanced, he is guilty of serious professional misconduct. Under the totality of circumstances, the respondent is suspended for a period of two years, commencing immediately.

PRUDENTI, P.J., RITTER, FLORIO, SMITH and MASTRO, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent Fred A. Schwartz, is suspended, for a period of two years, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (3) otherwise properly conducted himself; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, during the period of suspension and until the further order of this Court, the respondent, Fred A. Schwartz, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Fred A. Schwartz has been issued a secure pass by the Office of Court Administration, it shall be returned

forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).